1  Alexis Mager Lakusta,
   *in propria persona*
2  1259 El Camino Real #245
   Menlo Park, CA 94025
3  (650) 566-9971

**FILED**

MAY 25 2007

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

E-filing

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

C 07 3085 CW

| | |
|---|---|
| In re: | Case No.: No. 02-31521 |
| Alexis Mager Lakusta, | Chapter 7 |
| Debtor, Appellant | ~~Adv. Proc. No. 03-3549 TC~~ AML. |
| v. | |
| Mark H. Evans, et al., | **NOTICE OF APPEAL** |
| Appellees | |

Pursuant to the dismissal-without-prejudice order signed by the Honorable Sandra Brown Armstrong, United States District Judge, on March 27, 2007 (copy attached), Alexis Mager Lakusta hereby re-files his appeal from the ORDER DENYING DEBTOR'S MOTION FOR ABANDONMENT issued by United States Bankruptcy Judge Thomas E. Carlson and entered on May 12, 2006. This appeal is made under 28 U.S.C. section 158 (a).

A copy of the order being appealed from accompanies this Notice of Appeal. Also being filed with this Notice of Appeal, pursuant to Federal Rules of Bankruptcy Procedure, Rule 8001(e), is a separate statement of election to have this appeal heard by the United States District Court.

To avoid duplication of effort and expense, appellant additionally requests that the U.S. District Court Clerk assign this case to the Honorable

NOTICE OF APPEAL - 1

William H. Alsup, to whom appellant's appeal from the status conference order issued in connection with appellants's MOTION FOR ABANDONMENT has been assigned.

The names of all parties to the order being appealed from, and the names, addresses, and telephone numbers of their respective attorneys, where applicable or known, are:

>Aron M. Oliner
>[former counsel to Charles E. Sims, Trustee, deceased]
>Duane Morris LLP
>1 Market, Spear Tower, 20th Fl.
>San Francisco, CA 94105-1104
>(415) 957-3104

>Office of the U. S. Trustee
>235 Pine Street, Suite 700
>San Francisco, CA 94104
>(415) 705-3333

>Mark H. Evans and
>Old La Honda Properties, LLC
>counsel:  Catherine Schlomann Robertson
>         Pahl and Gosselin
>         225 West Santa Clara Street, Suite 1500
>         San Jose, CA 95113-1700
>         (408) 286-5100

>Chicago Title Company
>counsel:  Kathleen J. Moorhead
>         100 N. Wiget Lane, Suite 150
>         Walnut Creek, CA 94598
>         (925) 930-9550

NOTICE OF APPEAL - 2

1  Sharon E. LaFountain
2  13651 Saratoga-Sunnyvale Road
   Saratoga, CA 95070
3  (408) 867-2000
4  counsel: unknown

5
   David A. Boone, Esq.
6  counsel: James Robert
7          Roberts and Elliott LLP
           Ten Almaden Blvd.
8          Suite 500
9          San Jose, CA 96113
10         (408) 275-9800

11
   David Duperrault and
12 Silicon Valley Law Group
13 25 Metro Drive, Suite 600
   San Jose, CA 95110
14 (409) 573-5700
15 counsel: unknown

16
17 Wayne A. Silver, Esq.
   333 W. El Camino Real
18 Sunnyvale, CA 94807
19 (408) 720-7007
20 counsel: unknown

21
   Dated: May 24, 2007    Signed: /s/ Alexis Mager Lakusta
22                                Alexis Mager Lakusta,
                                  *in propria persona*
23                                1259 El Camino Real #245
24                                Menlo Park, CA 94025
                                  (650) 566-9971
25

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**FILED**
MAR 2 7 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN RE

ALEXIS MAGER LAKUSTA,

Debtor.

_____/

No. C 06-03431 SBA

**ORDER**

Debtor Alexis Mager Lakusta commenced the instant bankruptcy appeal pro se in this Court on May 26, 2006 by filing a notice of appeal. Federal Rule of Bankruptcy Procedure 8006 requires

> [a]ny party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense. If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost.

FED. R. BANKR. P. 8006. There is no indication that Lakusta has provided the clerk with copies of the items designated on October 11, 2006. *See* Docket No. 11. Specifically, transcripts of hearings have not been received by this Court.

On November 16, 2006, and January 9, 2007, this Court extended the briefing schedule to allow Lakusta time to file his Opening Brief. On January 31, 2007, Lakusta filed an Opening Brief that this Court finds unintelligible. In a letter to the Court on February 21, 2007, Lakusta stated that "[his] Amended Opening Brief will be provided to the Court and to all those on the service list very shortly."

Over one month has passed and the Court has neither received an Amended Opening Brief nor an Amended Designation of Record that includes copies of the items listed.

**LEGAL STANDARD**

Federal Rule of Bankruptcy Procedure 8006 requires appellants in bankruptcy appeals to meet certain filing deadlines. Additionally, the requirement of perfection of the record in Rule 8006 serves "to provide the reviewing court with an adequate basis for evaluating the appellant's claims" on a bankruptcy appeal. *In re CPDC Inc.*, 221 F.3d 693, 698 (5th Cir. 2000). It also serves "to put the appellee on notice

Entered on Civil Docket MAR 2 8 2007

as to which issues it must defend against and whether the appellant's designation of issues will produce a record adequate for the appellate court." *In re Winders*, 202 B.R. 512, 516 (D. Kan. 1996). "The burden of creating an adequate record rests with the appellant, who may not urge an issue on appeal if he has failed to provide the appellate court with the requisite record excerpts." *In re CPDC Inc.*, 221 F.3d at 698. *See also In re Winslow*, 121 B.R. 598, 599 (D. Colo. 1990) (a court may dismiss an appeal or affirm the basis of the bankruptcy court's decision when an appellant fails to designate critical parts of the record).

District courts acting in an appellate capacity in relation to bankruptcy court decisions have the discretion to dismiss a bankruptcy appeal for non-compliance with Rule 8006. *Fitzsimmons v. Nolden (In re Fitzsimmons)*, 920 F.2d 1468, 1471 (9th Cir. 1989) (affirming dismissal of appeal for failure to comply with Bankruptcy Rule 8006 where appellant's conduct was dilatory and egregious). *See also* Fed. R. Bank. Proc. 8001(a); L.R. 8011-1. Pro se appellants are obligated to comply with the Bankruptcy Rules in the same way as the other litigants are. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

## ANALYSIS

In his Designation of the Record for Matters on Appeal, Lakusta designates numerous motions, memorandums, transcripts, and judgments. However, Lakusta has not provided the clerk of the Court with a copy of the documents listed in his designation, nor has he paid the bankruptcy court to make copies for him, as required by Rule 8006.

The Court notes that Lakusta's statement of the issues to be presented on appeal is unintelligible. Lakusta filed a motion to compel the trustee to abandon claims of the estate against Mark Evans and other parties. The Bankruptcy Court denied the motion because the claims alleged under the two adversary

proceedings had already been decided.[1] Under the circumstances presented, the Court has the discretion to dismiss the appeal. *See Fitzsimmons*, 920 F.2d at 1472-73.

## CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that this case is DISMISSED WITHOUT PREJUDICE as to Lakusta's ability to re-file the appeal when he is prepared to proceed in compliance with the Federal Rules of Bankruptcy Procedure.

IT IS SO ORDERED.

Dated: 3-27-067

SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] The Memorandum re Debtor's Motion for Abandonment sheds some light on the issue:

> The first of the two adversary proceedings identified was dismissed; the second resulted in a judgment against Lakusta and the estate. Debtor, who had prosecuted the action on behalf of the estate, filed a motion for relief from judgment that was denied, but did not appeal either the judgment or the order denying relief from judgment. Debtor now seeks to file a new suit against Evans and other parties for claims arising out of the same transaction as that involved in the action tried to judgment, stating that he "believes there may be grounds to set aside the judgment."

Docket No. 4, Ex. 1, at 1-2.

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

IN RE ALEXIS AGER LAKUSTA et al,

    Plaintiff,

v.

IN RE ALEXIS AGER LAKUSTA et al,

    Defendant.
_____/

Case Number: CV06-03431 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 27, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Office of the U.S. Trustee / SF
Office of the U.S. Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104

U.S. Bankruptcy Court, No. District of CA (San Francisco)
Clerk's Office
235 Pine Street
P.O. Box 7341
San Francisco, CA 94120-7341

Alexis Mager Lakusta
1259 El Camino Real
#245
Menlo Park, CA 94025

Aron Mark Oliner
Duane Morris, LLP
One Market Street, Suite 2000
San Francisco, CA 94105

Catherine Schlomann Robertson
Pahl & Gosselin
160 W. Santa Clara St.
14th Fl.

San Jose, CA 95113

Thomas E. Carlson
USBC-San Francisco
for the Northern Dist. of CA
235 Pine St
P.O. Box 7341
San Francisco, CA 94104

Dated: March 27, 2007

                                      Richard W. Wieking, Clerk
                                      By: LISA R CLARK, Deputy Clerk

May 12, 2006
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: May 11, 2006

THOMAS E. CARLSON
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re ) Case No. 02-31521 TC
)
ALEXIS MAGER LAKUSTA, ) Chapter 7
)
) Date: May 12, 2006
) Time: 9:30 a.m.
) Ctrm: Courtroom 23
)
        Debtor. )
_____)

### ORDER DENYING DEBTOR'S MOTION FOR ABANDONMENT

Upon due consideration, and for the reasons stated in the accompanying memorandum, the court hereby issues the following order regarding Debtor's motion to compel abandonment of certain legal claims (the Motion).

(1) The hearing on the Motion, which was scheduled for May 12, 2006 at 9:30 a.m., is hereby vacated.

(2) The Motion is denied.

(3) Pursuant to 11 U.S.C. § 554, none of the legal claims that the estate may have against any party shall be abandoned upon the closing of the case.

(4) The Order Granting Limited Relief From Stay entered by this court on April 18, 2006 is hereby vacated. Any action that

ORDER DENYING DEBTOR'S
MOTION FOR ABANDONMENT

-1-

1 was filed pursuant to that Order (New Action) is therefore subject
2 to the automatic stay of 11 U.S.C. § 362(a) from this date forward.
3    (5) Because the claims involved in any New Action have not
4 been abandoned, Trustee remains the real plaintiff in any New
5 Action. Trustee shall sign and submit for filing in any New Action
6 a motion or notice of dismissal prepared by one or more of the
7 defendants to such New Action.

**END OF ORDER**

ORDER DENYING DEBTOR'S
MOTION FOR ABANDONMENT

1

2                                    <u>Court Service List</u>

3

4  Alexis Mager Lakusta
   1259 El Camino Real, Suite 245
5  Menlo Park, CA 94025

6  David A. Schuricht, Esq.
   Law Offices of Katzen and Schuricht
7  1981 North Broadway, Suite 340
   Walnut Creek, CA 94596
8
   David V. Duperrault, Esq.
9  Silicon Valley Law Group
   25 Metro Drive, Suite 600
10 San Jose, CA 95110

11 David A. Boone, Esq.
   Law Offices of David A. Boone
12 1611 The Alameda
   San Jose, CA 95126
13
   Catherine Schlomann Robertson, Esq.
14 Pahl and Gosselin
   225 West Santa Clara Street
15 Suite 1500
   San Jose, CA 95113-1700
16
   Office of the U.S. Trustee
17 235 Pine Street
   Suite 700
18 San Francisco, CA 94104

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE BY MAIL

Case Name:        In re Alexis Mager Lakusta

Case Number:      BK Case No. 02-31521

Gary M. Hess declares:

I am over the age of 18 years, not a party to this action, and I am employed at Shmoover Movers in Menlo Park, California.

On May 25, 2007, I placed for collection and mailing, at Menlo Park, California, a copy of the attached:

### NOTICE OF APPEAL

### STATEMENT OF ELECTION TO HAVE APPEAL HEARD BY THE U.S. DISTRICT COURT

in a sealed envelope, with postage thereon fully prepaid, addressed to:

> Aron M. Oliner
> Duane Morris LLP
> 1 Market St., Spear Tower, 20th Fl.
> San Francisco, CA 94105-1104
> (415) 957-3104
> [former counsel to Charles E. Sims, Trustee, deceased]
>
> Office of the U. S. Trustee
> 235 Pine Street, Suite 700
> San Francisco, CA 94104
> (415) 705-3333
>
> Mark H. Evans and
> Old La Honda Properties, LLC
> counsel: Catherine Schlomann Robertson
>         Pahl and Gosselin
>         225 West Santa Clara Street, Suite 1500
>         San Jose, CA 95113-1700
>         (408) 286-5100
>
> Chicago Title Company
> counsel: Kathleen J. Moorhead
>         100 N. Wiget Lane, Suite 150
>         Walnut Creek, CA 94598
>         (925) 930-9550

Sharon E. LaFountain
13651 Saratoga-Sunnyvale Road
Saratoga, CA 95070
(408) 867-2000
counsel: unknown

David A. Boone, Esq.
counsel: James Robert
    Roberts and Elliott LLP
    Ten Almaden Blvd.
    Suite 500
    San Jose, CA 96113
    (408) 275-9800

David Duperrault and
Silicon Valley Law Group
25 Metro Drive, Suite 600
San Jose, CA 95110
(409) 573-5700
counsel: unknown

Wayne A. Silver, Esq.
333 W. El Camino Real
Sunnyvale, CA 94807
(408) 720-7007
counsel: unknown

    I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service, and in the ordinary course of business, the correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

DATED:     May 25, 2007

*/s/ Gary Hess*
Gary M. Hess