Alexis Mager Lakusta,
*in propria persona*
1259 El Camino Real #245
Menlo Park, CA 94025
(650) 566-9971

E-filing

**FILED**

MAY 2 5 2007

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

C 07 3085

CW

| | |
|---|---|
| In re: | ) Case No.: No. 02-31521 |
| | ) |
| Alexis Mager Lakusta, | ) Chapter 7 |
| | ) |
| Debtor, Appellant | ) ~~Adv. Proc. No. 03-3549 TC~~ |
| | ) AML . |
| v. | ) |
| | ) **APPLICATION FOR LEAVE TO** |
| Mark H. Evans, et al., | ) **RE-FILE APPEAL FROM ORDER** |
| | ) **DENYING DEBTOR'S MOTION** |
| Appellees | ) **FOR ABANDONMENT** |
| | ) |

Pursuant to Judge Thomas E. Carlson's ORDER DECLARING ALEXIS
LAKUSTA  A VEXATION LITIGANT AND ENJOINING CERTAIN PROCEEDINGS,
appellant hereby files this application for leave to re-file his appeal from
Judge Carlson's ORDER DENYING DEBTOR'S MOTION FOR ABANDONMENT
entered on May 12, 2006. Also Pursuant to Judge Carlson's "vexatious
litigant" order, appellant attaches a copy of that order and a copy of the
documents he seeks leave to file.

Appellant has been repeated denied his due process rights, and he has
been denied his "inalienable rights" to possess and protect his property
(Article 1, Section 1, California Constitution). Under California real estate
and escrow law, Evans unequivocally did not become the owner of Mr.

297
𝒷

1  Lakusta's Woodside properties. The allegedly valid "Settlement Agreement
2  and Release" is therefore not legally enforceable because it is not a contract
3  under California law.

4      This case is centrally about title fraud, escrow fraud, and deed theft. It
5  is also about settlement fraud. Officers of the court who regularly appear
6  before this Court have aided and abetted the Evans/LaFountain (Chicago
7  Title Company) scheme to defraud appellant and his creditors (U.S. criminal
8  code, Title 18, Part 1, Chapter 9, §157 – "bankruptcy fraud"), and their
9  misconduct has been kept from the view of the Court through an intentional
10 violation of the Federal Rules of Civil Procedure and the Local Civil Rules of
11 this Court – the improper (and ineffective) dismissal of appellant's first
12 adversary proceeding – and by relentless and continuing violations of the
13 Federal Rules of Bankruptcy Procedure, including but not necessarily limited
14 to repeatedly making false representations to this Court as is prohibited by
15 Rule 9011(b), (1) through (4).

16     Ms. Catherine Robertson in particular refuses to comply with the Local
17 Civil Rules of this Court or with Federal Bankruptcy Procedure Rule 9011(b).
18 She displays little regard for the California Rules of Professional Conduct or
19 the State Bar Act, and Pahl and Gosselin knowingly stands in continuous
20 breach of its duty of loyalty to its first client, Mr. Lakusta.

21     ….where lawyers appear in an action against a party whom they
       represent in another, though unrelated action, they must be
22     disqualified…..The duty of loyalty to the first client prohibited the
       firm from representing the second client to any extent in the action.
23     This duty overrode the second client's right to retain counsel of its
       choice. (Opinion by Rylaarsdam, Acting P.J., with Moore and Fybel,
24     JJ., concurring.)
       Cal West Nurseries, Inc., Petitioner, v. Superior Court of Orange
25     County, Respondent; A.J. West Ranch. LLC, Real Party in Interest.
       129 Cal.App.4[th] 117029 Cal.Rptr.3d 170 [May 31, 2005]

1   Pahl and Gosselin has demonstrated its full complicity in the Evans/
2   LaFountain conspiracy to defraud appellant and his legitimate creditors in an
3   on-going equity theft scam operation. Evans and his successive attorneys,
4   along with Mr. Boone, have acted both to circumvent and to undermine the
5   explicit intentions and purposes of the California legislature in enacting the
6   Home Equity Sales Contract Act (Civil Code §1695 et seq.). Those purposes
7   and intentions include the preservation and protection of home equities for
8   the homeowners of this state. Pahl and Gosselin was hired by Mr. Lakusta to
9   protect his real estate equity. Instead, Pahl and Gosselin has quite literally
10  stolen the home equity of its first client for the benefit of its new client.

11  Appellant has and will continue to take entirely appropriate and lawful
12  measures to preserve and protect his and his creditors' rights and property,
13  and he respectfully requests the cooperation of the Court in upholding and
14  enforcing the laws of this state and the Federal Rules of Civil and Bankruptcy
15  Procedure.

16
17  Dated:  May 24, 2007                    Alexis Mager Lakusta
                                            Alexis Mager Lakusta,
                                            Debtor, Appellant

GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: September 08, 2006

**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

In re                                          )  Case No. 02-31521 STC
                                               )
ALEXIS MAGER LAKUSTA,                          )
                                               )
                                               )  Chapter 7
                                               )
                                               )
              Debtor.                          )
                                               )
_____       )
ALEXIS MAGER LAKUSTA,                          )  Adv. Proc. No. 03-3549 TC
                                               )
                                               )
              Plaintiff,                       )
                                               )
     vs.                                       )
                                               )
MARK H. EVANS; SHARON LA FOUNTAIN;             )  Date: August 11, 2006
and ALVIN C. SILVERNAGEL,                      )  Time: 9:30 a.m.
                                               )  Ctrm: Hon. Thomas E. Carlson
                                               )        235 Pine Street
              Defendants.                      )        San Francisco, CA
                                               )
_____       )

**ORDER DECLARING ALEXIS LAKUSTA A VEXATIOUS LITIGANT AND**
**ENJOINING CERTAIN FUTURE PROCEEDINGS**

The court held a hearing at the above date and time on Defendant Mark Evans' Motion to Declare Alexis Lakusta a Vexatious Litigant.  Catherine Scholmann Robertson appeared for Mark Evans. Alexis Lakusta appeared <u>in pro per</u>.

ORDER DECLARING LAKUSTA
A VEXATIOUS LITIGANT, ETC.              -1-

1    Upon review of the motion, upon due consideration, and for the
2  reasons stated on the record at the hearing and in the accompanying
3  memorandum, the court orders as follows.

4    (1)  Mr. Lakusta is permanently enjoined from filing: (a) in
5  any state or federal court; (b) against Mark Evans, Sharon La
6  Fountain, Alvin D. Silbernagel, Old La Honda Properties, or their
7  attorneys, affiliates, employees, insurers, agents or any other
8  person or entity; (c) any claims, defenses, demands, rights, or
9  causes of actions, whether direct or indirect, absolute or
10  contingent arising out of or otherwise concerning the "2002
11  Transactions," the "Settlement Agreement," the "Settlement Order"
12  or the "Judgment," as those terms are defined in the accompanying
13  memorandum.

14    (2)  Mr. Lakusta may obtain relief from this permanent
15  injunction by applying for relief to the above-signed.  Mr. Lakusta
16  shall attach to any such request for relief a copy of this order
17  and a copy of the document(s) Mr. Lakusta seeks leave to file.

18                          **END OF ORDER**
19
20
21
22
23
24
25
26
27
28

## Court Service List

1

2

3  Alexis Mager Lakusta
   1259 El Camino Real, Suite 245
   Menlo Park, CA 94025-4208

4

5  Catherine Schlomann Robertson, Esq.
   225 West Santa Clara Street
   Suite 1500
6  San Jose, CA 95113-1700

7  Aron M. Oliner, Esq.
   Law Offices of Duane Morris
8  1 Market Spear Tower #2000
   San Francisco, CA 94105-1411

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 Alexis Mager Lakusta,
  *in propria persona*
2 1259 El Camino Real #245
  Menlo Park, CA 94025
3 (650) 566-9971

4

5              UNITED STATES BANKRUPTCY COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7

8  In re:                            ) Case No.: No. 02-31521
                                     )
9  Alexis Mager Lakusta,            ) Chapter 7
                                     )
10           Debtor, Appellant      ) Adv. Proc. No. 03-3549 TC
                                     )
11 v.                               )
                                     )
12 Mark H. Evans, et al.,           ) **NOTICE OF APPEAL**
                                     )
13           Appellees             )
                                     )

14

15       Pursuant to the dismissal-without-prejudice order signed by the

16 Honorable Sandra Brown Armstrong, United States District Judge, on March

17 27, 2007 (copy attached), Alexis Mager Lakusta hereby re-files his appeal

18 from the ORDER DENYING DEBTOR'S MOTION FOR ABANDONMENT issued

19 by United States Bankruptcy Judge Thomas E. Carlson and entered on May

20 12, 2006. This appeal is made under 28 U.S.C. section 158 (a).

21       A copy of the order being appealed from accompanies this Notice of

22 Appeal.  Also being filed with this Notice of Appeal, pursuant to Federal

23 Rules of Bankruptcy Procedure, Rule 8001(e), is a separate statement of

24 election to have this appeal heard by the United States District Court.

25       To avoid duplication of effort and expense, appellant additionally

requests that the U.S. District Court Clerk assign this case to the Honorable

NOTICE OF APPEAL - 1

1  William H. Alsup, to whom appellant's appeal from the status conference

2  order issued in connection with appellants's MOTION FOR ABANDONMENT

3  has been assigned.

4      The names of all parties to the order being appealed from, and the

5  names, addresses, and telephone numbers of their respective attorneys,

6  where applicable or known, are:

7

8      Aron M. Oliner
       [former counsel to Charles E. Sims, Trustee, deceased]
9      Duane Morris LLP
       1 Market, Spear Tower, 20th Fl.
10
       San Francisco, CA 94105-1104
11     (415) 957-3104

12

13     Office of the U. S. Trustee
       235 Pine Street, Suite 700
14
       San Francisco, CA 94104
15     (415) 705-3333

16

17     Mark H. Evans and
       Old La Honda Properties, LLC
18     counsel:  Catherine Schlomann Robertson
19                Pahl and Gosselin
                  225 West Santa Clara Street, Suite 1500
20                San Jose, CA 95113-1700
21                (408) 286-5100

22

23     Chicago Title Company
       counsel:  Kathleen J. Moorhead
24                100 N. Wiget Lane, Suite 150
25                Walnut Creek, CA 94598
                  (925) 930-9550

1              Sharon E. LaFountain

2              13651 Saratoga-Sunnyvale Road

3              Saratoga, CA 95070

               (408) 867-2000

4              counsel:  unknown

5

6              David A. Boone, Esq.

7              counsel:  James Robert

                       Roberts and Elliott LLP

8                       Ten Almaden Blvd.

9                       Suite 500

10                    San Jose, CA 96113

                       (408) 275-9800

11

12            David Duperrault and

13           Silicon Valley Law Group

              25 Metro Drive, Suite 600

14           San Jose, CA 95110

15           (409) 573-5700

              counsel:  unknown

16

17           Wayne A. Silver, Esq.

18           333 W. El Camino Real

              Sunnyvale, CA 94807

19           (408) 720-7007

20           counsel:  unknown

21

22  Dated:___May 24, 2007___ Signed:___Alexis Mager Lakusta___

                           Alexis Mager Lakusta,

23                          *in propria persona*

                           1259 El Camino Real #245

24                           Menlo Park, CA 94025

25                           (650) 566-9971

NOTICE OF APPEAL - 3

IN THE UNITED STATES DISTRICT COURT **FILED**

FOR THE NORTHERN DISTRICT OF CALIFORNIA MAR 2 7 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN RE                                        No. C 06-03431 SBA

ALEXIS MAGER LAKUSTA,                         **ORDER**

        Debtor.

_____/

Debtor Alexis Mager Lakusta commenced the instant bankruptcy appeal pro se in this Court on May 26, 2006 by filing a notice of appeal. Federal Rule of Bankruptcy Procedure 8006 requires

> [a]ny party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense. If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost.

FED. R. BANKR. P. 8006. There is no indication that Lakusta has provided the clerk with copies of the items designated on October 11, 2006. *See* Docket No. 11. Specifically, transcripts of hearings have not been received by this Court.

On November 16, 2006, and January 9, 2007, this Court extended the briefing schedule to allow Lakusta time to file his Opening Brief. On January 31, 2007, Lakusta filed an Opening Brief that this Court finds unintelligible. In a letter to the Court on February 21, 2007, Lakusta stated that "[his] Amended Opening Brief will be provided to the Court and to all those on the service list very shortly."

Over one month has passed and the Court has neither received an Amended Opening Brief nor an Amended Designation of Record that includes copies of the items listed.

**LEGAL STANDARD**

Federal Rule of Bankruptcy Procedure 8006 requires appellants in bankruptcy appeals to meet certain filing deadlines. Additionally, the requirement of perfection of the record in Rule 8006 serves "to provide the reviewing court with an adequate basis for evaluating the appellant's claims" on a bankruptcy appeal. *In re CPDC Inc.*, 221 F.3d 693, 698 (5th Cir. 2000). It also serves "to put the appellee on notice

United States District Court
For the Northern District of California

Entered on Civil Docket MAR 2 8 2007

United States District Court
For the Northern District of California

1   as to which issues it must defend against and whether the appellant's designation of issues will produce

2   a record adequate for the appellate court." *In re Winders*, 202 B.R. 512, 516 (D. Kan. 1996). "The

3   burden of creating an adequate record rests with the appellant, who may not urge an issue on appeal if

4   he has failed to provide the appellate court with the requisite record excerpts." *In re CPDC Inc.*, 221 F.3d

5   at 698. *See also In re Winslow*, 121 B.R. 598, 599 (D. Colo. 1990) (a court may dismiss an appeal or

6   affirm the basis of the bankruptcy court's decision when an appellant fails to designate critical parts of

7   the record).

8        District courts acting in an appellate capacity in relation to bankruptcy court decisions have the

9   discretion to dismiss a bankruptcy appeal for non-compliance with Rule 8006. *Fitzsimmons v. Nolden*

10  *(In re Fitzsimmons)*, 920 F.2d 1468, 1471 (9th Cir. 1989) (affirming dismissal of appeal for failure to

11  comply with Bankruptcy Rule 8006 where appellant's conduct was dilatory and egregious). *See also* Fed.

12  R. Bank. Proc. 8001(a); L.R. 8011-1. Pro se appellants are obligated to comply with the Bankruptcy

13  Rules in the same way as the other litigants are. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)

14  ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

15                                          **ANALYSIS**

16       In his Designation of the Record for Matters on Appeal, Lakusta designates numerous motions,

17  memorandums, transcripts, and judgments.  However, Lakusta has not provided the clerk of the Court

18  with a copy of the documents listed in his designation, nor has he paid the bankruptcy court to make

19  copies for him, as required by Rule 8006.

20       The Court notes that Lakusta's statement of the issues to be presented on appeal is unintelligible.

21  Lakusta filed a motion to compel the trustee to abandon claims of the estate against Mark Evans and other

22  parties.  The Bankruptcy Court denied the motion because the claims alleged under the two adversary

23

24

25

26

27

28

                                                2

1  proceedings had already been decided.[1]  Under the circumstances presented, the Court has the discretion

2  to dismiss the appeal. *See Fitzsimmons*, 920 F.2d at 1472-73.

3                                    **CONCLUSION**

4          Accordingly,

5          IT IS HEREBY ORDERED that this case is DISMISSED WITHOUT PREJUDICE as to

6  Lakusta's ability to re-file the appeal when he is prepared to proceed in compliance with the Federal

7  Rules of Bankruptcy Procedure.

8

9  IT IS SO ORDERED.

10

    Dated:    3-27-067

11                                              SAUNDRA BROWN ARMSTRONG
                                                United States District Judge

12

13

14

15

16

17

18

19

20

21

22

_____

23        [1]  The Memorandum re Debtor's Motion for Abandonment sheds some light on the issue:

24        The first of the two adversary proceedings identified was dismissed; the second resulted
          in a judgment against Lakusta and the estate. Debtor, who had prosecuted the action on
25        behalf of the estate, filed a motion for relief from judgment that was denied, but did not
          appeal either the judgment or the order denying relief from judgment. Debtor now seeks
26        to file a new suit against Evans and other parties for claims arising out of the same
          transaction as that involved in the action tried to judgment, stating that he "believes there
27        may be grounds to set aside the judgment."

28  Docket No. 4, Ex. 1, at 1-2.

                                             3

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


IN RE ALEXIS AGER LAKUSTA et al,

        Plaintiff,

v.

IN RE ALEXIS AGER LAKUSTA et al,

        Defendant.

_____/

Case Number: CV06-03431 SBA

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 27, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Office of the U.S. Trustee / SF
Office of the U.S. Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104

U.S. Bankruptcy Court, No. District of CA (San Francisco)
Clerk's Office
235 Pine Street
P.O. Box 7341
San Francisco, CA 94120-7341

Alexis Mager Lakusta
1259 El Camino Real
#245
Menlo Park, CA 94025

Aron Mark Oliner
Duane Morris, LLP
One Market Street, Suite 2000
San Francisco, CA 94105

Catherine Schlomann Robertson
Pahl & Gosselin
160 W. Santa Clara St.
14th Fl.

San Jose, CA 95113

Thomas E. Carlson
USBC-San Francisco
for the Northern Dist. of CA
235 Pine St
P.O. Box 7341
San Francisco, CA 94104

Dated: March 27, 2007

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

2

May 12, 2006
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: May 11, 2006

THOMAS E. CARLSON
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re                                ) Case No. 02-31521 TC
                                     )
ALEXIS MAGER LAKUSTA,                )  Chapter 7
                                     )
                                     )  Date: May 12, 2006
                                     )  Time: 9:30 a.m.
                                     )  Ctrm: Courtroom 23
                                     )
                        Debtor.      )
_____)

ORDER DENYING DEBTOR'S MOTION FOR ABANDONMENT

Upon due consideration, and for the reasons stated in the accompanying memorandum, the court hereby issues the following order regarding Debtor's motion to compel abandonment of certain legal claims (the Motion).

(1)   The hearing on the Motion, which was scheduled for May 12, 2006 at 9:30 a.m., is hereby vacated.

(2)   The Motion is denied.

(3)   Pursuant to 11 U.S.C. § 554, none of the legal claims that the estate may have against any party shall be abandoned upon the closing of the case.

(4)   The Order Granting Limited Relief From Stay entered by this court on April 18, 2006 is hereby vacated.  Any action that

ORDER DENYING DEBTOR'S
MOTION FOR ABANDONMENT

-1-

1  was filed pursuant to that Order (New Action) is therefore subject

2  to the automatic stay of 11 U.S.C. § 362(a) from this date forward.

3      (5)  Because the claims involved in any New Action have not

4  been abandoned, Trustee remains the real plaintiff in any New

5  Action.  Trustee shall sign and submit for filing in any New Action

6  a motion or notice of dismissal prepared by one or more of the

7  defendants to such New Action.

8                          **END OF ORDER**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER DENYING DEBTOR'S
MOTION FOR ABANDONMENT**

-2-

1

2                          <u>Court Service List</u>

3

4   Alexis Mager Lakusta
    1259 El Camino Real, Suite 245
5   Menlo Park, CA 94025

6   David A. Schuricht, Esq.
    Law Offices of Katzen and Schuricht
7   1981 North Broadway, Suite 340
    Walnut Creek, CA 94596
8
    David V. Duperrault, Esq.
9   Silicon Valley Law Group
    25 Metro Drive, Suite 600
10  San Jose, CA 95110

11  David A. Boone, Esq.
    Law Offices of David A. Boone
12  1611 The Alameda
    San Jose, CA 95126
13
    Catherine Schlomann Robertson, Esq.
14  Pahl and Gosselin
    225 West Santa Clara Street
15  Suite 1500
    San Jose, CA 95113-1700
16
    Office of the U.S. Trustee
17  235 Pine Street
    Suite 700
18  San Francisco, CA 94104

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE BY MAIL

**Case Name:**      **In re Alexis Mager Lakusta**

**Case Number:**      **BK Case No. 02-31521**

Gary M. Hess declares:

I am over the age of 18 years, not a party to this action, and I am employed at Shmoover Movers in Menlo Park, California.

On May 25, 2007, I placed for collection and mailing, at Menlo Park, California, a copy of the attached:

### NOTICE OF APPEAL

### STATEMENT OF ELECTION TO HAVE APPEAL HEARD BY THE U.S. DISTRICT COURT

in a sealed envelope, with postage thereon fully prepaid, addressed to:

Aron M. Oliner
Duane Morris LLP
1 Market St., Spear Tower, 20th Fl.
San Francisco, CA 94105-1104
(415) 957-3104
[former counsel to Charles E. Sims, Trustee, deceased]

Office of the U. S. Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
(415) 705-3333

Mark H. Evans and
Old La Honda Properties, LLC
counsel:  Catherine Schlomann Robertson
        Pahl and Gosselin
        225 West Santa Clara Street, Suite 1500
        San Jose, CA 95113-1700
        (408) 286-5100

Chicago Title Company
counsel:  Kathleen J. Moorhead
        100 N. Wiget Lane, Suite 150
        Walnut Creek, CA 94598
        (925) 930-9550

Sharon E. LaFountain
13651 Saratoga-Sunnyvale Road
Saratoga, CA 95070
(408) 867-2000
counsel: unknown

David A. Boone, Esq.
counsel: James Robert
          Roberts and Elliott LLP
          Ten Almaden Blvd.
          Suite 500
          San Jose, CA 96113
          (408) 275-9800

David Duperrault and
Silicon Valley Law Group
25 Metro Drive, Suite 600
San Jose, CA 95110
(409) 573-5700
counsel: unknown

Wayne A. Silver, Esq.
333 W. El Camino Real
Sunnyvale, CA 94807
(408) 720-7007
counsel: unknown

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service, and in the ordinary course of business, the correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

DATED:    May 25, 2007

Gary M. Hess

1  | Alexis Mager Lakusta,
2  | *in propria persona*
   | 1259 El Camino Real #245
   | Menlo Park, CA 94025
3  | (650) 566-9971

4

5

6            UNITED STATES BANKRUPTCY COURT

7            NORTHERN DISTRICT OF CALIFORNIA

8

9  | In re:                          ) Case No.: No. 02-31521
10 |                                 ) Chapter 7
   | Alexis Mager Lakusta.           )
11 |                                 ) **STATEMENT OF ELECTION**
   |            Debtor, Appellant     ) **TO HAVE APPEAL HEARD BY**
12 |                                 ) **THE U.S. DISTRICT COURT**
   | _____)
13

14 |     Alexis Mager Lakusta, Debtor, hereby elects, under 28 U.S.C. section
15 | 158(c)(1), to have his appeal from the ORDER DENYING DEBTOR'S MOTION
16 | FOR ABANDONMENT of United States Bankruptcy Judge Thomas E. Carlson,
17 | entered on May 12, 2006, to be heard by the United States District Court.
18 | This separate statement of election is attached to the Notion of Appeal and a
19 | copy of the order being appealed from and is made pursuant to Federal
20 | Rules of Bankruptcy Procedure, Rule 8001(e).
21

22 | Dated: ___May 24, 2007___  Signed: ___Alex. Mager Lakusta___
23 |                                    Alexis Mager Lakusta,
   |                                    *in propria persona*
24 |                                    1259 El Camino Real #245
   |                                    Menlo Park, CA 94025
25 |                                    (650) 566-9971

STATEMENT OF ELECTION TO HAVE APPEAL HEARD BY U.S. DISTRICT COURT

## PROOF OF SERVICE BY MAIL

| | |
|---|---|
| **Case Name:** | **In re Alexis Mager Lakusta** |
| **Case Number:** | **BK Case No. 02-31521** |

Gary M. Hess declares:

I am over the age of 18 years, not a party to this action, and I am employed at Shmoover Movers in Menlo Park, California.

On May 25, 2007, I placed for collection and mailing, at Menlo Park, California, a copy of the attached:

### NOTICE OF APPEAL

### STATEMENT OF ELECTION TO HAVE APPEAL HEARD BY THE U.S. DISTRICT COURT

in a sealed envelope, with postage thereon fully prepaid, addressed to:

> Aron M. Oliner
> Duane Morris LLP
> 1 Market St., Spear Tower, 20th Fl.
> San Francisco, CA 94105-1104
> (415) 957-3104
> [former counsel to Charles E. Sims, Trustee, deceased]

> Office of the U. S. Trustee
> 235 Pine Street, Suite 700
> San Francisco, CA 94104
> (415) 705-3333

> Mark H. Evans and
> Old La Honda Properties, LLC
> counsel:  Catherine Schlomann Robertson
>         Pahl and Gosselin
>         225 West Santa Clara Street, Suite 1500
>         San Jose, CA 95113-1700
>         (408) 286-5100

> Chicago Title Company
> counsel:  Kathleen J. Moorhead
>         100 N. Wiget Lane, Suite 150
>         Walnut Creek, CA 94598
>         (925) 930-9550

Sharon E. LaFountain
13651 Saratoga-Sunnyvale Road
Saratoga, CA 95070
(408) 867-2000
counsel: unknown

David A. Boone, Esq.
counsel: James Robert
        Roberts and Elliott LLP
        Ten Almaden Blvd.
        Suite 500
        San Jose, CA 96113
        (408) 275-9800

David Duperrault and
Silicon Valley Law Group
25 Metro Drive, Suite 600
San Jose, CA 95110
(409) 573-5700
counsel: unknown

Wayne A. Silver, Esq.
333 W. El Camino Real
Sunnyvale, CA 94807
(408) 720-7007
counsel: unknown

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service, and in the ordinary course of business, the correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

DATED:    May 25, 2007

                                    Gary Hess

                                    Gary M. Hess