Alexis Mager Lakusta,
*in propria persona*
1259 El Camino Real #245
Menlo Park, CA 94025
(650) 566-9971

**FILED**
JUN 0 4 2007
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

Alexis Mager Lakusta,

    Debtor, Appellant

v.

Mark Evans, et al.,

    Appellees

) Case No.: No. 02-31521
) Chapter 7
)
)
)
)
)
) **STATEMENT OF ISSUES TO BE**
) **ADDRESSED IN APPEAL FROM**
) **ORDER DENYING DEBTOR'S**
) **MOTION FOR ABANDONMENT**
)
)
)

## ISSUES TO BE ADDRESSED IN THIS APPEAL

Appellant respectfully requests that the Court review the following issues in this appeal:

1. Given that the alleged settlement contract dated July 16, 2002 is devoid of mutual consideration and that Mr. Evans was incapable of performing on his promises, is the document entitled "Settlement Agreement and Release" enforceable as a matter of law under the laws of this state?

2. Is the alleged settlement contract dated July 16, 2002 a subterfuge to conceal deed forgery, escrow fraud, recordation fraud, and fraudulent misrepresentation and to carry out a scheme to commit bankruptcy fraud?

3. Was appellant's adversary proceeding filed on June 10, 2002 properly dismissed?

4. Did the Court have jurisdiction to enforce the alleged settlement contract?

5. Was the May 2005 trial decision obtained by a fraud on the court?

6. Did the Court err in ruling that the California Civil Code §1695 adversary proceeding filed on August 5, 2003 was barred by the alleged settlement contract?

7. Was the Court's denial of appellant's motion to disqualify Pahl and Gosselin from continuing its representation of Evans in this case an error of law?

8. Was opposition to debtor's motion for abandonment by Evans and his agents in reality part of a scheme to conceal and to carry out bankruptcy fraud?

9. Is Pahl and Gosselin's on-going violation of its duty of loyalty to its original client and its relentless campaign of misrepresentation to the Court in fact part of the bankruptcy fraud scheme and part of a scheme to defeat the explicit findings, intentions, and purposes of the California legislature as declared in the Home Equity Sales Act?

10. Did the Court violate appellant's due process rights and commit reversible error when it violated court orders and failed to address appellant's "preserved" claims before making its rulings?

11. Was the Court's order denying appellant's motion for abandonment, ordering "otherwise", and ordering the dismissal of the April 21, 2006 complaint obtained by a fraud on the court?

12. Did the order denying appellant's motion for abandonment and ordering "otherwise" violate appellant's inalienable right to protect his property as guaranteed by Article 1, Section 1 of the California Constitution?

13. Was the abandonment denial order prejudicial and in violation of appellant's basic due process rights?

Dated: June 4, 2007     Signed: _____
Alexis Mager Lakusta,
*in propria persona*
1259 El Camino Real #245
Menlo Park, California 94025
(650) 566-9971

STATEMENT OF ISSUES TO BE ADDRESSED IN APPEAL FROM
ORDER DENYING DEBTOR'S MOTION FOR ABANDONMENT - 2