1  Alexis Mager Lakusta, pro se
2  1259 El Camino Real #245
   Menlo Park, CA 94025
3  (650) 566-9971



FILED

FEB 2 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Alexis Mager Lakusta,          )<br>                                )<br>  Debtor, Appellee            )<br>                                )<br> v.                             )<br>                                )<br>MARK H. EVANS, CHICAGO TITLE   )<br>COMPANY, SHARON E. LAFOUNTAIN,)<br>DAVID A. BOONE, OLD LA HONDA   )<br>PROPERTIES, LLC,               )<br>                                )<br>  Defendants, Appellees        )<br>                                )<br>_____)  | C-07-03085 SBA<br><br>Bankruptcy Court No. 02-31521<br><br>**QUESTIONS TO BE PRESENTED ON APPEAL TO THE NINTH CIRCUIT COURT IN APPEAL FROM ORDER OF JUDGE SAUNDRA BROWN ARMSTRONG AFFIRMING ORDER DENYING DEBTOR'S MOTION FOR ABANDONMENT** |

   Appellant Alexis Lakusta would like the Court to address these issues in this appeal:

1. Judge Carlson finds that appellant Alexis Lakusta conveyed two of his real properties to defendant Mark Evans in April, 2002, without stating any basis for his conclusion and in the complete absence of so much as a single evidentiary hearing on the central issue of this case. All other questions to be addressed in this case are but corollaries of this issue. As a matter of California law, did Lakusta convey his residence at 633

Old La Honda Road in Woodside and his forest land at 548 Old La Honda Road to defendant Mark Evans in April, 2002?

2. In approving a compromise, as part of his duty to protect the bankruptcy estate, a bankruptcy judge may not "rubberstamp" a proposal but "must make findings and explain his reasoning sufficiently to show that he examined proper factors and made an informed and independent judgment." On August 19, 2002 Judge Carlson approved the July 18, 2002 agreement signed by Mark Evans and Alexis Lakusta. The record suggests the judge did not make an informed and independent assessment before approving the proposal. Did Judge Carlson abuse his discretion?

3. Judge Carlson authorized Chapter 7 Trustee Charles Sims to abandon the estate's "right, title and interest" in 633 Old La Honda Road on March 27, 2003. Abandonment in a bankruptcy case is nunc pro tunc. Subsequently a stipulated dismissal of Lakusta's adversary proceeding against Evans was entered into between Evans and Trustee Sims, by their respective counsel, and ordered by Judge Carlson on June 18, 2003. Is the dismissal of Lakusta's adversary proceeding void and of no effect in the absence of either Lakusta's or his counsel's signature?

4. The agreement signed by Mark Evans and Alexis Lakusta on July 18, 2002 is in the form a logical fallacy commonly known as an "appeal to ignorance." The only inducement offered by Evans was the possible return (at Evans' discretion) of the portrait of Lakusta's deceased mother and other property stolen from Lakusta during Evans' burglaries of Lakusta's homes on June 6, 2002. Is the agreement a contract under

California law?

5. Is the judgment issued by Judge Carlson on June 8, 2005 – ruling that the July 18, 2002 agreement is enforceable – completely void and not entitled to recognition in any court, based upon a denial of due process of law and upon extrinsic fraud by officers of the court?

6. Are the terms of Judge Carlson's order being appealed from – providing that the claims of Lakusta's bankruptcy estate not be abandoned to him upon the closing of his bankruptcy case – both prejudicial and a violation of Lakusta's substantive due process rights?

7. Did defendant Evans and his attorneys/agents perpetrate an overarching fraud on the court and a fraud on the creditors of the Lakusta bankruptcy estate, thereby rendering Judge Carlson's ORDER DENYING DEBTOR'S MOTON FOR ABANDONMENT, and Judge Armstrong's order affirming that order, entirely void and not entitled to recognition in any court?

Respectfully Submitted,

Dated: February 21, 2008

_Alexi Mager Lakusta_
Alexis Mager Lakusta
Appellant, pro se

## PROOF OF SERVICE BY MAIL

**Case Name:**    Alexis Mager Lakusta v. Mark H. Evans, et al.

**Case Number**    C-07-03085 SBA

Seems Gore declares:

I am over the age of 18 years, not a party to this action, and I am self-employed at Post N' More in Menlo Park, California.

On February 21, 2008 I placed for collection and mailing, at Menlo Park, California, a copy of the attached:

**QUESTIONS TO BE PRESENTED ON APPEAL TO THE NINTH CIRCUIT COURT IN APPEAL FROM ORDER OF JUDGE SAUNDRA BROWN ARMSTRONG AFFIRMING ORDER DENYING DEBTOR'S MOTION FOR ABANDONMENT**

in a sealed envelope, with postage thereon fully prepaid, addressed to:

>Stephen D. Pahl
>Catherine Schlomann Robertson
>Pahl and McCay
>225 West Santa Clara Street
>Suite 1500
>San Jose, CA 95113-1700
>
>Kathleen J. Moorhead
>100 N. Wiget Lane, Suite 150
>Walnut Creek, CA 94598
>
>Sharon E. LaFountain
>Chicago Title Company
>675 N. 1st Street
>Suite 300
>San Jose, CA 95112-5111
>
>James Roberts
>Roberts and Elliott LLP
>Ten Almaden Blvd.
>Suite 500
>San Jose, CA 95113

Aron M. Oliner
Duane Morris LLP
1 Market St., Spear Tower, 20th Fl.
San Francisco, CA 94105-1104

David Duperrault and
Silicon Valley Law Group
25 Metro Drive, Suite 600
San Jose, CA 95110

Wayne A. Silver, Esq.
333 W. El Camino Real
Sunnyvale, CA 94807

USBC Manager – San Francisco
United States Bankruptcy Court
235 Pine Street
P.O. Box 7341
San Francisco, CA 94120-7341

Thomas E. Carlson
USBC–San Francisco
235 Pine Street
P.O. Box 7341
San Francisco, CA 94120-7341

U.S. Trustee
Office of the U. S. Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104

Julie Marie Glosson
Office of the U. S. Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service, and in the ordinary course of business, the correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

DATED: February 21, 2008

_____
Seema Gore